## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      *Plaintiff,*

    v.                                         **Civ. No. 12-492**

FUNDS IN THE AMOUNT OF $20,200
FROM ACCOUNT NO. **8622
NEW MEXICO BANK & TRUST,

FUNDS IN THE AMOUNT OF $32,000
FROM ACCOUNT NO. *2861
NEW MEXICO BANK & TRUST,

FUNDS IN THE AMOUNT OF $16,400
FROM ACCOUNT NO. *4580
NEW MEXICO BANK & TRUST,

      *Defendant,*

*and*

JAMES R. SHIVELEY,

      *Claimant.*

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

    Plaintiff states:

### JURISDICTION AND VENUE

    1.    This is a civil action *in rem* for forfeiture of Defendant property which has been located and will be arrested by execution of a Warrant for Arrest in the District of New Mexico; and during the pendency of this action Defendant, or its equivalent or proceeds thereof, will be subject to the jurisdiction of this Court.

2.      The United States District Court for the District of New Mexico has exclusive,

original jurisdiction under 28 U.S.C. §§ 1345, 1355 and 1356.

3.      Venue is proper under 28 U.S.C. §§ 1355 and 1395, and 18 U.S.C. §§ 981(h) and

1964.

4.      The "res" or property which is the subject of this action consists of:

    a) funds in the amount of $20,200 from New Mexico Bank & Trust account
ending in *8622;

    b) funds in the amount of $32,000 from New Mexico Bank & Trust account
ending in *2861; and

    c) funds in the amount of $16,400 from New Mexico Bank & Trust account
ending in *4580

(hereafter referred to as "Defendant Funds").

### PARTIES AND CLAIMANTS

5.      The following persons may claim an interest in Defendant Currency:

    (a).      James R. Shiveley at 1817 Central Ave., Albuquerque, NM 87104, whose

attorney is Robert Gorence, Esq., 1305 Tijeras Ave NW, Albuquerque,

NM 87102.

### FACTS

The circumstances from which the claim for forfeiture of Defendant Currency arise are:

6.      From December 10, 2010, through October 28, 2011, Shiveley structured cash

deposits totaling $68,600 into the three bank accounts listed in the above caption, by making cash

deposits that did not exceed $10,000 per deposit.

7.     From December 10, 2010, through October 28, 2011, Shiveley made these cash deposits of less than $10,000 each in order to evade the CTR (Currency Transaction Report) reporting requirements of 31 U.S.C. § 5313(a) for cash deposits in excess of $10,000.

8.     During the course of an investigation by Homeland Security Investigation (HSI), records and other bank information were obtained from New Mexico Bank & Trust.

9.     Shiveley opened account *8622 in 2000, account *4580 in 2001, and account *2861 on August 25, 2008.  He is the sole owner and the only authorized signer on the three accounts.

10.    Financial records revealed that from December 10, 2010, through October 28, 2011, Shiveley made eleven (11) cash deposits totaling $68,600 in United States currency into his three New Mexico Bank & Trust accounts ending with *8622, * 2861, and *4580.  All 11 cash deposits were under the CTR $10,000 reporting threshold:

  a)  On December 10, 2010, Shiveley made two cash deposits: $5,000 into account *8622, and $4,480 into account *4580 for a total of  $9,480.

  b)  On January 5, 2011, Shiveley deposited $9,700 in cash into account *2861.

  c)  On January 13, 2011, Shiveley deposited $9,900 in cash into account *2861.

  d)  On February 9, 2011, Shiveley made two cash deposits:  $5,400 into account *8622 and $4,520 into account *4580, for a total of $9,920.

e)   On April 14, 2011, Shiveley deposited $3,200 into account *4580 and on April 15, 2011, Shiveley deposited $6,700 into account *2861, for a total of $9,900.

f)   On September 14, 2011, Shiveley made two cash deposits: $5,700 into account *2861 and $4,200 into account *4580, totaling $9,900.  The bank video surveillance shows Shiveley making both deposits by presenting the cash to the bank teller, who counted it out,  Shiveley then made the two deposits and retained some of the cash.

g)   On October 28, 2011, Shiveley presented $10,960 in cash to the bank teller.  Of that total, he deposited $9,800 into account *8622, and retained the rest of the cash.

11.    For the deposits listed above, Shiveley routinely presented U.S. currency for the tellers to count.  When the tellers counted the cash and informed Shiveley of the amount (over $10,000), Shiveley took back cash in an amount that left the total cash deposit below $10,000.

12.    Further investigation revealed that from August 20, 2008 through September 30, 2008, Shiveley made eight (8) cash deposits totaling $58,020 in United States currency into New Mexico Bank & Trust accounts ending with *2861 and * 4580.  All 8 cash deposits were under the CTR $10,000 reporting threshold:

a)   On August 20, 2008, Shiveley made two cash deposits: $2,160 into account *4580 and $7,500 into account *2861, for a total of $9,660.

b)   On August 27, 2008, Shiveley deposited $9,800 cash into account *2861.

c)  On September 3, 2008, Shiveley deposited $9,800 cash into account *2861.

d)  On September 9, 2008, Shiveley deposited $9,800 cash into account *2861.

e)  On September 18, 2008, Shiveley deposited $9,800 cash into account *2861.

f)  On September 30, 2008, Shiveley made two cash deposits: $7,000 into account *2861 and $2,160 into account *4580, for a total of $9,160.

13.     Further investigation revealed that from August 25, 2003 through October 22, 2003, Shiveley made 17 deposits of United States currency into an account at New Mexico Bank & Trust.  Of the 17 deposits, one was for $7,000, and the other 16 deposits were for $10,000 each, for a total of $167,000 in 59 days.

14.     Tellers reported that on multiple occasions in 2003, Shiveley became visibly upset and raised his voice when tellers requested additional information for the purpose of completing a CTR.

15.     Two Agents with IRS-CI (Internal Revenue Service - Criminal Investigation) met with Shiveley at his place of business on March 12, 2004, based on his 2003 cash deposits just under the CTR filing requirement limit.  The IRS Agents explained the $10,000 CTR filing requirements to Shively.  Shiveley stated he was not aware of the $10,000 CTR filing requirements.

16.     Shiveley stated he hoarded cash for about ten(10) years from gambling winnings in Las Vegas, NV and Albuquerque, NM.   Shiveley stated he won a gambling tournament in

5

Las Vegas, NM which paid him $100,000 in cash.  Shiveley stated that he deposited currency

from his cash horde to pay off the balance on his condominium mortgage.  However, Shively

advised that the amount of cash he deposited is contingent upon the amount he owed on his

condominium.  Shiveley stated he divorced in October of 2003, which led him to paying the

remainder of his condominium mortgage.  Shiveley showed a picture of him winning a gambling

tournament in Las Vegas, NM.  Additionally, Shiveley stated he averages between $300 and

$400 in weekly cash payments from clients in his medical practice.  Shiveley also stated he was

in no way structuring cash deposits in an attempt to avoid filing the $10,000 CTR's.

17.     On December 8, 2011, HSI Agents executed three seizure warrants on the

following New Mexico Bank & Trust accounts belonging to Shiveley:

>  a.   $20,200 seized from bank account ending in *8622;
>
>  b.   $32,000 seized from bank account ending in *2861; and
>
>  c.   $16,400 seized from bank account ending in *4580.

### CLAIM FOR RELIEF

18.     The Defendant Funds are subject to arrest and forfeiture to Plaintiff under 31

U.S.C. § 5317(c)(2) as property involved in a violation of 31 U.S.C. § 5324, or any conspiracy to

commit any such violation, or is property traceable to any such violation or conspiracy.

19.     The Defendant Funds are subject to arrest and forfeiture to Plaintiff under 18

U.S.C. § 981(a)(1)(A) because the funds were involved in a transaction or attempted transaction

in violation of 18 U.S.C. § 1956 or is property traceable to such property.

WHEREFORE: Plaintiff seeks arrest of Defendant Funds and forfeiture of same to

Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown

6

WHEREFORE: Plaintiff seeks arrest of Defendant Funds and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Funds, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

STEPHEN R. KOTZ
CYNTHIA L. WEISMAN
Assistant U.S. Attorneys
P.O. Box 607
Albuquerque, NM  87103-0607
(505) 346-7274

7

### 28 U.S.C. § 1746 DECLARATION

I am a Special with the Immigration and Customs Enforcement (ICE) Homeland Security Investigation (HSI) who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: __5|8|2012__

_____

David Dindinger, Special Agent
ICE Homeland Security Investigation

8